Arthur **PALNAU**, Plaintiff-Appellant,

v.

The **DETROIT EDISON COMPANY**, a New York Corporation; Utility Workers Union of America, affiliated with AFL–CIO; and Local 223, Utility Workers Union of America, AFL–CIO, Defendants-Appellees.

No. 14698.

United States Court of Appeals
Sixth Circuit.

April 19, 1962.

Harry Riseman, Riseman, Lemke & Piotrowski, Detroit Mich., for appellant.

Richard Ford, Fischer, Sprague, Franklin & Ford, Detroit, Mich., for appellee Detroit Edison Co.

Sheldon L. Klimist, Detroit, Mich., A. L. Zwerdling, Zwerdling, Zwerdling

& Klimist, Detroit, Mich., on brief, for appellee Utility Workers Union of America, A. F. L.-C. I. O., et al.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

WEICK, Circuit Judge.

Palnau, an employee of Edison, was discharged for insubordination. Pursuant to the provisions of the collective bargaining agreement between Edison and the Union he appealed to the president of Edison. At the hearing on the appeal, he was represented by his personal attorney and representatives of the Union. The discharge was affirmed by the president. Thereafter Palnau was allowed unemployment compensation by the Michigan Employment Security Commission on the ground that his conduct in connection with his job had not been wilful and wanton and that Edison had failed to meet the burden of proof.

His attorney then requested arbitration of the grievance under the provisions of the collective bargaining agreement. Edison declined arbitration on the ground that no written request therefor had been timely made by the Union. The Union had refused to process his grievance any further.

Palnau then sued the Union and Edison in the District Court for breach of the collective bargaining agreement. He prayed for reinstatement to his former employment and compensation for lost time, or in the alternative, for specific enforcement of the arbitration provisions of the agreement and damages. He charged that the action of the Union in failing to process his grievance was "arbitrary, capricious, malicious, discriminatory, without cause and not made in good faith." Jurisdiction of the court was invoked under the provisions of Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C.A. § 185. In an amended complaint he also invoked the provisions of 29 U.S.C.A. § 159(a). The District Court granted motions to dismiss for lack of jurisdiction.

Section 301 of the Act provides that "suits for violation of contracts between an employer and a labor organization * * * " may be brought in the District Court. This statute authorizes only the employer or Union to bring the suit. In the present case, jurisdiction was not invoked by either Edison or the Union.

■■ The collective bargaining agreement did not provide for the automatic arbitration of grievances or authorize an employee to make the request therefor, but provided that either party "may" make written request within a certain time. The Union made no request for arbitration. In the absence of a timely written request by the Union for arbitration of the grievance and refusal by Edison to accede thereto, Edison could hardly be said to have violated the agreement. Section 301 does not authorize a suit against the employer or Union except for violation of the agreement. Communication Workers of America v. Ohio Bell Telephone Co., 160 F.Supp. 822 (N.D.Ohio), affirmed 265 F.2d 221 (CA 6), cert. denied, 361 U.S. 814, 80 S.Ct. 52, 4 L.Ed.2d 61. The suit would have failed if the District Court had taken jurisdiction because in the absence of a timely request by the Union for arbitration, Edison was under no obligation to arbitrate.

■ The Union was not obliged to request arbitration of every grievance irrespective of its merits. The agreement gave the Union discretion to decide whether to request arbitration and so long as the Union did not grossly abuse its discretion the employee was concluded thereby. In any event, Section 301 does not confer jurisdiction in suits between an employee and the Union. The employer could not be charged with the derelictions of the Union unless it conspired with the Union to deprive the employee of his rights.

■ We think the Supreme Court recognized in Association of Westinghouse Salaried Employees v. Westinghouse Electric Corporation, 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510 (1955) that Section 301 of the Act did not confer

jurisdiction on the federal courts to adjudicate individual rights of employees. See also: Textile Workers of America v. Lincoln Mills of Alabama, 353 U.S. 448, 453, 456, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); Communication Workers of America v. Ohio Bell Telephone Co., supra.

These rights may be adjudicated in the state court or in the federal court where the action is based on diversity of citizenship. Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483. Nor do we agree that jurisdiction is conferred on the District Court by Title 29 U.S.C.A. § 159(a). No facts are pleaded to support the legal conclusions that the Union acted arbitrarily and in bad faith and no claim upon which relief could be granted was stated against Edison.

It follows that the District Court was correct in dismissing the case for lack of jurisdiction.

Judgment affirmed.