**CAPITOL AIRWAYS, INC., Plaintiff-Appellant,**

v.

**The AIRLINE PILOTS ASSOCIATION, INTERNATIONAL, Defendant-Appellee.**

**CAPITOL AIRWAYS, INC., Plaintiff-Cross-Appellee,**

v.

**The AIRLINE PILOTS ASSOCIATION, INTERNATIONAL, Defendant-Cross-Appellant.**

**Nos. 15660–15661.**

United States Court of Appeals
Sixth Circuit.

Feb. 10, 1965.

Judson Harwood, Nashville, Tenn., for appellant Capitol Airways, Inc.

Cecil D. Branstetter, Nashville, Tenn. (Cecil D. Branstetter, Ben F. Loeb, Jr., Nashville, Tenn., M. B. Wigderson, Harry Noe, Chicago, Ill., on the brief), for appellee Airline Pilots Ass'n.

Before WEICK, Chief Judge, CECIL, Circuit Judge, and TAYLOR, District Judge.

PER CURIAM.

These appeals arise out of the adjudication of an action for declaratory judgment (Title 28, Section 2201, U.S.C.) brought in the United States District Court for the Middle District of Tennessee, Nashville Division, by Capitol Airways, Inc., plaintiff, against The Airline Pilots Association, International, defendant. The parties will be referred to as Capitol and ALPA, respectively. Capitol brought the action in the District Court for a declaration that four awards, in favor of grievants, Riley, Hull, Gerhard and Carlin, and against Capitol, made by The Capitol Airways System Board of Adjustment (referred to herein as Board) were invalid. The court on motions for summary judgment sustained the awards as to Hull and Gerhard and held the awards in favor of Riley and Carlin invalid. Capitol appealed from the adverse ruling on the Hull and Gerhard awards, and ALPA filed a cross-appeal from the adverse ruling to it on the Carlin and Riley awards.

The opinion of William E. Miller, the trial judge, is reported at 237 F.Supp. 373. We agree with his conclusions as to the Riley, Hull and Gerhard awards.

Capitol argues that the trial judge did not make a de novo interpretation of the contract. In our opinion, the arbitration clause of the collective bargaining agreement was susceptible of the interpretation placed upon it by the Board and the district judge was right in sustaining the Board. We affirm the judgment of the District Court on these three awards on the opinion of District Judge Miller.

The Carlin award presented a procedural question: Was the issue of Carlin's dismissal properly before the Board? On May 3, 1962, a letter was sent to the Board on behalf of Carlin in which it was requested to determine three things: 1. "That the Company was in violation of the Employment Agreement." 2. "That the grieving pilot be compensated for all losses monetary or other sustained by him in consequence of the alleged wrongful action of the Company." 3. "That the grievant have such other further or different relief as to the Board may be deemed just and proper." On November 6, 1962, another letter was sent to the Board on behalf of Carlin with an additional request for relief: "That the grievant be reinstated with back pay and all attendant rights."

The Board found that the letter of November 6th was not timely filed and could not be given consideration. It held further that the matter in controversy was properly before it and that it had jurisdiction to hear the dispute and the appeal. The Board found that Carlin's discharge was justified but that the penalty was too severe. He should have been suspended for a period of time instead of a complete discharge. The award of the Board provided that Carlin be reinstated with no pay for time lost and that he was entitled to his seniority rights and their attendant privileges.

The district judge held that the question of discharge was not properly before the Board for the reason that the letter of November 6th was not timely filed. For this reason he held that the award was invalid.

The Court has held that procedural questions are to be determined by the arbitrator rather than the Court. Avco Corp. Electronics & Ordnance Div. v. Mitchell, 6 Cir., 336 F.2d 289; Local 748, etc. v. Jefferson City Cabinet Co., 6 Cir., 314 F.2d 192, cert. den., 377 U.S. 904, 84 S.Ct. 1162, 12 L.Ed.2d 175. The judgment of the District Court as to the Carlin award is reversed and the case remanded for further proceedings consistent with this opinion.