**LOCAL NO. 824, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA (AFL–CIO), and Volney Swift, Plaintiffs-Appellees,**

v.

**BRUNSWICK CORPORATION, Defendant-Appellant.**

**No. 15965.**

United States Court of Appeals
Sixth Circuit.

March 23, 1965.

Edward R. Lev, Chicago, Ill., for appellant, Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., of counsel.

Jerry S. McCroskey, Muskegon, Mich., for appellees, Marcus, McCroskey, Libner, Reamon, Williams & Dilley, Muskegon, Mich., on the brief.

Before WEICK, Chief Judge, and MILLER and PHILLIPS, Circuit Judges.

PER CURIAM.

Swift, an employee of Brunswick, filed a number of grievances against Brunswick, including one for his alleged wrongful discharge, all of which grievances were processed under the provisions of the collective bargaining agreement existing between the Union and Brunswick. The grievance relating to Swift's discharge is the only one in issue here. It was rejected by Brunswick in Steps 1, 2 and 3 of the procedures provided in the agreement.[1]

The agreement provided the method for invoking arbitration by the Union as follows:

"b. If the grievance is not settled in Step 3, the Union may appeal it, by giving written notice of such appeal to the Company, within thirty (30) calendar days after receipt of the written answer of the Personnel Manager and/or his designated representative, to Arbitration in accordance with the procedure and conditions set forth in the Arbitration provisions of this Agreement."

The Union did not give Brunswick written notice of appeal to arbitrate within thirty days as required by the agreement. On the contrary, the Union membership met to consider the matter. A motion to seek Swift's reinstatement by arbitration was defeated by a vote of 50 to 27.

Within the thirty-day period, however, Swift's attorney made a written demand upon Brunswick to arbitrate his discharge.

About two months after the denial of the grievance relating to the discharge of Swift, the Union reversed its position and sent a letter to Brunswick requesting arbitration. It was approximately six weeks after the expiration of the thirty-day period provided by the agreement. Brunswick refused to arbitrate.

The present action to compel arbitration was then filed by the Union and Swift in the District Court under the provisions of Section 301 of the Labor Management Relations Act. 29 U.S.C. § 185. The District Court granted plaintiffs' motion for summary judgment and ordered arbitration.

Brunswick contended that under the provisions of the agreement only the Union, and not the employee, may resort to arbitration procedures. Palnau v. Detroit Edison Co., 301 F.2d 702 (C.A.6, 1962). This precise point would have been presented if the Union had adhered to its original position and had not requested arbitration. The trouble here is that the Union did make a request for arbitration, although not within the time provided by the agreement.

Brunswick argued that since the request for arbitration was not timely, it was under no obligation to arbitrate, and that the question is one for the court to determine.

It can hardly be denied that the matter of Swift's discharge was a grievance which was a proper subject for arbitration under the collective bargaining

[1]. The collective bargaining agreement provided for meetings between the Union and company representatives at three levels of supervision with final resort to arbitration.

agreement. Brunswick's position therefore is that the Union did not follow the procedures provided by the agreement and consequently was not entitled to arbitration, and that the issue is one for the court and not the arbitrator to decide.

We regard the issue as purely procedural. It is no longer open to question that procedural matters are for the arbitrator, and not the court, to determine. John Wiley & Sons v. Livingston, 376 U.S. 543, 555–559, 84 S.Ct. 909, 11 L.Ed. 2d 898 (1964); Retail Clerks Int'l Ass'n, etc. v. Lion Dry Goods, Inc., 341 F.2d 715 (C.A.6, 1965); Capitol Airways, Inc. v. Airline Pilots Ass'n, 341 F.2d 288 (C.A.6, 1965); Local 748, etc., AFL-CIO v. Jefferson City Cabinet Co., 314 F.2d 192 (C.A.6, 1963) cert. denied 377 U.S. 904, 84 S.Ct. 1162, 12 L.Ed.2d 175.

Affirmed.