**Donald J. FLEMING, Plaintiff-Appellant,**

**v.**

**CHRYSLER CORPORATION and United Auto Workers of America, Local 412, Defendants-Appellees.**

**No. 76–2643.**

United States Court of Appeals, Sixth Circuit.

Argued April 12, 1978.

Decided May 23, 1978.

William D. Haynes, Haynes & Donnelly, P. C., Detroit, Mich., for plaintiff-appellant.

William S. Hurst, Keith A. Jenkins, Detroit, Mich., for Chrysler.

Edwin G. Fabre, Intern. Union, UAW, Detroit, Mich., for Local 412.

Before WEICK, EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

Plaintiff appeals from summary judgment rendered against him in his action alleging a breach of the duty of fair representation on the part of his union, Local 412 of the United Auto Workers of America, and a breach of the collective bargaining agreement on the part of defendants Local 412 and Chrysler Corporation. Jurisdiction is founded on section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1970).

Plaintiff in this case had been employed as a cost estimator by the Chrysler Corporation beginning in 1949. He was laid off in November of 1974. The balance of the applicable facts necessary for decision is stated in the opinion of the District Judge, who granted both defendants' separate motions for summary judgments on the basis of sworn affidavits filed after extensive discovery:

On February 12, 1975, plaintiff was notified by Defendant Chrysler that his lay-off status was being changed to permanent, whereupon plaintiff went to the office to clean out his desk and remove personal belongings. While clearing his desk, words were exchanged with plaintiff's supervisor, and after plaintiff left the office, certain important work papers were discovered torn in half in his wastebasket. Defendant Chrysler discharged plaintiff on the grounds of sabotage, thus terminating his recall rights and certain benefits. A grievance was filed by plaintiff, and the Union took this grievance to the Appeal Board. On July 8, 1975, a decision was rendered by the Impartial Chairman, who concluded that the plaintiff herein had been guilty of careless, but not deliberate, destruction of documents. All seniority rights were reinstated; however, reimbursement for lost time was denied.

There is no dispute in this record but that the collective bargaining agreement by the UAW and Chrysler called for the filing of a grievance in a discharge case of this nature, and when the grievance could not be settled, the same would be submitted to arbitration, with the arbitrator's decision to be final. In fact, of course, plaintiff won restoration of his job and had been returned to work and is now employed at Chrysler. His complaint is that he was penalized by not being allowed back pay for the period of time he was off as a result of the discharge and that he lost five and one-half months of seniority rights.

The affidavits filed in this case, however, indicate clearly that defendant union maintained an elaborate appeal procedure available to any member of the union who felt he had been unfairly dealt with by the union and that plaintiff took no steps to pursue his intraunion remedies.

The District Judge granted judgment for defendants on the grounds that the facts alleged in the complaint and in unopposed affidavits filed by the defendants demonstrated that there was no arbitrary, dis-

**1189**

criminatory or bad faith action taken by the union, *see Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), and that plaintiff had failed to pursue his internal union remedies. *See Ruzicka v. General Motors Corp.*, 523 F.2d 306 (6th Cir. 1975).

The District Judge further found as to some generalized allegations of harassment that plaintiff had failed to allege facts sufficient to state a cause of action.

For the reasons cited above and further explicated in the opinion of District Judge Fred W. Kaess, filed April 14, 1976, the judgment of the District Court is affirmed.