785 F.2d 310
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JACK SIMPSON, Plaintiff-Appellant
v.
GENERAL MOTORS CORPORATION; LOCAL 668, INTERNATIONAL UNION,
UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL
IMPLEMENT WORKERS, UAW, Defendants-Appellees.
 84-1710
 United States Court of Appeals, Sixth Circuit.
 1/10/86
 ORDER
 
 1
 BEFORE: LIVELY, Chief Judge; WELLFORD, Circuit Judge; and PORTER, Senior District Judge.*
 
 
 2
 The plaintiff appeals the judgment dismissing his hybrid Sec. 301/unfair representation action for failure of the plaintiff to exhaust internal union remedies. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 As the result of an accidental shotgun wound in 1971 and subsequent hospitilizations for surgery, including reconstructive plastic surgery, the plaintiff was unable to perform his job with the defendant Company. He began receiving weekly sickness and accident benefits on October 14, 1974 and applied for extended disability benefits to begin on October 14, 1975. In the meantime, however, he was convicted of federal drug offenses and began to serve a prison term in August, 1975. As a result, the Company discharged the plaintiff from employment on October 2, 1975 on grounds his incarceration rendered him unavailable for work.
 
 
 4
 The plaintiff did not learn of his discharge until his release from incarceration in December, 1978. He contacted his union and filed a grievance. On May 15, 1983, he learned for the first time that the union had decided not to take the grievance to arbitration and had abandoned the grievance.
 
 
 5
 The plaintiff filed this action on October 13, 1983. He asserted the Company fraudulently terminated his employment in order to avoid paying him extended (and, eventually, permanent) disability benefits. He therefore claimed his discharge violated the collective bargaining agreement in that it was not for 'just cause.' He further claimed the union failed to represent him fairly in the grievance proceedings. Both defendants responded to the complaint by arguing the action was barred both by the plaintiff's failure to exhaust internal union remedies and his failure to file the action within the applicable six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b).
 
 
 6
 Following a hearing on the matter, the district court concluded the action was barred by the plaintiff's failure to exhaust his internal Union remedies under the UAW Constitution. It did not address the statute of limitations issue. This timely appeal followed.
 
 
 7
 Except under certain circumstances set forth in Clayton v. UAW, 451 U.S. 679 (1981), a union member must exhaust available internal union remedies before bringing a hybrid Sec. 301/unfair representation action in district court. See Miller v. Chrysler Corp., 748 F.2d 323, 325-26 (6th Cir. 1984); Shamblin v. General Motors Corp., 743 F.2d 436, 439 (6th Cir. 1984); Bsharah v. Eltra Corp., 394 F.2d 502 (6th Cir. 1968). After examining the record and briefs, we conclude the district court did not abuse its discretion in finding the union remedies available to the plaintiff not to be futile and in holding the plaintiff must exhaust these remedies before bringing this hybrid Sec. 301/unfair representation action. See Monroe v. International Union UAW, 540 F.Supp. 249, 255-58 (S.D. Ohio 1982), aff'd 723 F.2d 22 (6th Cir. 1983); Fleming v. Chrysler Corp., 416 F.Supp. 1258 (E.D. Mich. 1975), aff'd, 575 F.2d 1187 (6th Cir. 1978).
 
 
 8
 The plaintiff attempts to avoid this conclusion by arguing the union remedies are inadequate to award him the relief he ultimately seeks by this action, i.e., restoration of his disability benefits. The district court noted, however, that the plaintiff cannot claim a right to such benefits unless he can first show his discharge violated the collective bargaining agreement. We conclude the district court properly construed this action as one for wrongful discharge and unfair representation subject to the exhaustion requirement.
 
 
 9
 Because this issue disposes of the plaintiff's appeal, we, like the district court, decline to review the statute of limitations issue at this time.
 
 
 10
 It is ORDERED that the district court's judgment of September 13, 1984 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David S. Porter, Senior District Judge for the Southern District of Ohio, sitting by designation