Richard **REINHARDT**, Scott Gibelyou, Paul Meisel, Mark Niezurawski, Thomas Niezurawski, Rodger Stevens, Gary Spiker and Robert Roberts, Plaintiffs,

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE and AGRICULTURAL IMPLEMENT WORKERS of AMERICA, United Automobile, Aerospace and Agricultural Implement Workers Local 2571, United Automobile, Aerospace and Agricultural Implement Workers Local 526 and Allied Corporation, Defendants.**

No. 85–CV–10490–BC.

United States District Court,
E.D. Michigan, N.D.

June 17, 1986.

William W. Allsopp, Allsopp, Fitzgerald & Kolka, P.C., Bay City, Mich., for plaintiff.

Thomas G. Kienbaum, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for Allied Corporation.

A. Robert Kleiner, Grand Rapids, Mich., for Union defendants.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

This is an action brought under section 301 of the Labor Management Relations Act. 29 U.S.C. § 185. The named defendants are United Automobile, Aerospace and Agricultural Implement Workers, (hereinafter U.A.W.) international union, local 526 in Bay City, Michigan, local 2571 in Niagara Falls, New York and the Allied Corporation. The eight plaintiffs are former hourly employees of Allied and U.A.W. members. They seek damages and/or reinstatement at full seniority with Allied.

All eight plaintiffs formerly worked in Allied's Bay City plant and were members of U.A.W. local 526. At various times before the summer of 1983, each was laid off from his employment due to lack of work. The collective bargaining agreement that was then in effect between the U.A.W. and Allied provided that laid off employees from one Allied plant could be considered for work at any other Allied plant that had exhausted its own seniority list and was in need of labor. In 1983, it was allegedly the practice of local 526 to send postcards to its laid off members informing them of any openings at other Allied plants. Early that summer, the Niagara Falls plant did need labor after exhausting its seniority list. While local 526 was aware that the Niagara Falls plant would be hiring, it did not follow its previous procedure of sending out postcards. As a result, plaintiffs were unaware of the openings and did not act to indicate their availability for work to Allied through the union. The Niagara Falls plant hired new employees "off the street". Later that summer, there were more openings at the same plant, only this time the plaintiffs did

become aware of them. All eight plaintiffs were hired by the Niagara Falls plant. However, they soon discovered that they had lesser seniority than did the "off the street" employees hired earlier in the summer. The lack of seniority caused plaintiffs to be repeatedly laid off and rehired until many abandoned their employment with Allied entirely.

Promptly after discovering their loss of seniority, plaintiffs filed a grievance against Allied. This grievance was initiated and initially pursued by local 526 in Bay City. It gradually advanced through the grievance machinery until the international union declined to pursue arbitration nearly two years later. After, the grievance against Allied failed, the plaintiffs filed this action claiming that Allied violated the collective bargaining agreement and that all three union defendants breached the duty of fair representation.[1] Each defendant has now moved for summary judgment and attorney fees under Federal Rule of Civil Procedure 11.

### I.

 Plaintiffs' claim under section 301 of the Labor Management Relations Act requires a breach of a collective bargaining agreement. *Palnau v. Detroit Edison Co.*, 301 F.2d 702 (6th Cir.1962). The collective bargaining agreement states quite unambiguously that Allied had no obligation to consider the plaintiffs for employment at the Niagara Falls plant until it was notified in writing by the union of their availability for work. There was no duty to look beyond the written list nor to notify the plaintiffs directly. Allied did give adequate notice to the U.A.W. of the openings. Therefore, Allied did not violate the collective bargaining agreement and is entitled to summary judgment. Likewise, none of the union defendants could have breached the duty of fair representation by failing to pursue contractual remedies for the violation and the unions are also entitled to

---

1. Plaintiffs' theory as to each individual union is unclear however, for reasons discussed later in this opinion, it is unnecessary for the court to treat each union individually.

summary judgment on the section 301 claim.

## II.

Although outside the scope of section 301, there does exist a cause of action against a union for breach of the duty of fair representation even where there has been no breach of a collective bargaining agreement. *Frenza v. Sheet Metal Workers,* 567 F.Supp. 580, 587 (E.D.Mich.1983) *citing In re Carter,* 618 F.2d 1093 (5th Cir.1980). Such an action is not expressly plead by the plaintiffs but is fairly raised by and may be inferred from the facts alleged. It would be suitably plead through an amendment of plaintiffs' complaint if, on its face, the amended claim would not be subject to dismissal. *Banque de Depots v. National Bank of Detroit,* 491 F.2d 753 (6th Cir.1974).

■ Regarding a breach of the duty of fair representation by any of the union defendants, the court is satisfied that there is a genuine issue of material fact concerning whether there was a duty to notify the plaintiffs of job openings and if so, whether there was a breach of that duty.[2] The question of whether the union's breach would meet the standards to be actionable under *Ruzicka II* also remains. *See Ruzicka v. General Motors Corp.,* 649 F.2d 1207 (6th Cir.1981). However, the court need not reach that question because of the plaintiffs' failure to exhaust, or even initiate, intraunion remedies.

It is well established that union members, particularly U.A.W. members, must exhaust the internal remedies provided in their constitution before resorting to the courts. *Clayton v. International Union, U.A.W.,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981); *Geddes v. Chrysler Corp.,* 608 F.2d 261 (6th Cir.1979); *Frenza, supra.* Plaintiffs concede that this is the

general rule but urge the court not to require exhaustion in this case because of the factors noted in *Clayton* are presented here.

■ First, plaintiffs argue that there was such hostility from the union that internal remedies would have been futile. *See Clayton,* 451 U.S. at 689, 101 S. Ct. at 2095. However, the U.A.W. public review board has been found to be an adequate safeguard against union hostility. *Monroe v. International Union, U.A.W.,* 540 F.Supp. 249 (S.D.Oh.1982), *aff'd* 723 F.2d 22 (6th Cir.1983). Second, plaintiffs argue that full relief could not be had from the internal procedure because it lacked the power to grant reinstatement. In this case, the U.A.W. was powerless to reinstate plaintiffs to their former seniority. However, since there was not a breach of the collective bargaining agreement, reinstatement is an unattainable remedy, even in this court. Therefore, the plaintiffs had equal, if not superior[3], relief available from the internal union process. Lastly, plaintiffs argue that the internal process would have unduly delayed their right to a judicial hearing. The only evidence of this is the length of the grievance proceedings against Allied being nearly two years. This is unconvincing. First, the grievance against Allied was utterly meritless because it was directed against the wrong party. The U.A.W. procedure is governed by time restrictions at each level which should assure resolution within a reasonable time.

Finally, the court finds plaintiffs' conspiracy allegations to be unsupported. Plaintiffs' claim that the U.A.W. and Allied conspired to thwart their grievance is rebutted by the U.A.W.'s showing that it did not pursue the grievance to arbitration due to the unlikelihood of success. Plaintiffs

---

2. The collective bargaining agreement is not clear as to how the employee's name is to be placed "on file". There is a genuine issue of fact as to whether the local or the international had a duty under the contract to notify laid off employees of openings or whether the local assumed such a duty by sending the postcards.

3. Internal union relief was particularly appropriate since the union was not bound to the *Ruzicka* standards and plaintiffs' claim is essentially one of union negligence.

have not presented a scintilla of evidence to support the conspiracy claim.

For the above reasons, summary judgment will be granted to the union defendants.

### III.

Defendants also seek sanctions under Federal Rule of Civil Procedure 11. Defendants claim that the continuation of the lawsuit after the unions' counsel notified plaintiffs attorney of "unimpeachable" precedent was unreasonable and vexatious. The court disagrees. Rule 11 does not and should not inhibit counsel from making a good faith argument under existing precedent. Plaintiffs' arguments that the exceptions to the *Clayton* rule applied to this case were bona fide and reasonable. An argument is not frivolous merely because it does not prevail. Defendants' characterization of the action as frivolous is further diminished by the fact that none of the defendants adequately briefed or argued the possibility of an action outside section 301, even after it was mentioned by the court. Defendants will not be penalized for this, and plaintiffs will not be penalized for disagreeing with defendants' legal conclusions. The rule 11 motions will be denied. Defendants may still recover their taxable costs.