**Leo LaPOINTE, Plaintiff,**

**v.**

**UNITED AUTOWORKERS LOCAL 600 and Doug Thompson, jointly and severally, Defendants.**

**No. 90–CV–73504–DT.**

United States District Court,
E.D. Michigan, S.D.

Feb. 7, 1992.

**348**

Gary A. Benjamin, Shrauger, Dunn & Aronson, Detroit, Mich., for plaintiff.

Jordan Rossen, Connye Y. Harper, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on defendants' Fed.R.Civ.P. 56(b) motion for summary judgment. For reasons hereafter stated, defendants' motion is GRANTED.

## I. BACKGROUND

Defendant United Autoworkers Local 600 ("Local") is an amalgamated union, meaning that its membership works for several different employers. The Local is thus divided into bargaining units, with each representing 600 or more employees. The various units have their own elected officers.[1]

Each unit's President has the authority to recommend individuals for appointment to other union positions within the unit, such as a Health and Safety Representative or an Employee Benefits Representative. The recommendation is then forwarded to the Local's President, who in turn forwards it to the Regional Director of the International Union and an International Union Vice-President. Only the latter has the authority to appoint and remove persons from those positions.

From 1981 until 1990, defendant Doug Thompson was the unit President for the Detroit Parts and Service Depot of the Ford Motor Company. In 1988, Thompson recommended plaintiff Leo LaPointe,[2] then age 49, for appointment as the unit's Health and Safety Representative. In February of that year, plaintiff was formally appointed. He contends that shortly thereafter, he became the object of ridicule and harassment at the hands of Mr. Thompson. Plaintiff maintains that as a result, he accepted an early retirement offer from Ford on January 1, 1990. His retirement necessarily terminated his position with the union.[3] It was subsequently filled by a 44 year-old male.

On May 30, 1990, plaintiff sued the Local and Mr. Thompson in Wayne County Circuit Court, charging that Thompson's actions were prompted by plaintiff's age. Thus, according to plaintiff, defendants vio-

---

**1.** These include a Chairman, a President and a Vice-President, among others.

**2.** Plaintiff had worked at the National Parts Depot of Ford Motor Company since 1967. He maintained his employment with Ford until he accepted an early retirement offer on January 1, 1990.

**3.** However, plaintiff could have resigned from his union position but nonetheless retained his job with the Ford Motor Company.

lated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(c). Plaintiff further contends that the Local breached its duty of fair representation by refusing to take steps when notified of Thompson's activities, 29 U.S.C. § 185.[4] Defendants removed the case to this Court on December 3, 1990.

Defendants have subsequently moved for summary judgment. They urge that plaintiff is incapable, as a matter of law, of making out a prima facie ADEA claim. With respect to the alleged breach of the duty of fair representation, defendants contend that that charge is barred by plaintiff's failure to exhaust internal union appeals. Plaintiff has filed a timely response and defendant has since replied. This motion will be decided on the briefs. E.D. Mich. Local Rule 7.1(e)(3).

## II. STANDARD OF REVIEW

■ Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146 (6th Cir.1986); Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Cook v. Providence Hosp.*, 820 F.2d 176, 179 (6th Cir.1987); *Smith v. Hudson*, 600 F.2d 60

(6th Cir.1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512. Although summary judgment is disfavored, this motion may be granted when the trial would merely result in delay and unneeded expense. *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *A.I. Root Co. v. Computer/Dynamics, Inc.*, 806 F.2d 673, 675 (6th Cir.1986). Where the non-moving party has failed to present evidence on an essential element of their case, they have failed to meet their burden and all other factual disputes are irrelevant; thus, summary judgment is appropriate. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (Footnote omitted)).

## III. OPINION

### A. Plaintiff's ADEA Claim

■ Plaintiff has demanded monetary damages in his claim that defendants' actions were in violation of the ADEA. Plaintiff's prima facie case under the ADEA requires that the charging party show: (1) that he was a member of the protected class (between the ages of 40 and 65 years of age); (2) that he was subjected to an adverse employment action; (3) that he was qualified for the particular position; and (4) that he was replaced by a person not a member of the protected class. *Gagne v. Northwestern Nat'l Ins. Co.*, 881 F.2d 309, 313 (6th Cir.1989). It is undisputed that the plaintiff was replaced by a 44

---

**4.** Plaintiff concedes that there is no individual liability with respect to Doug Thompson regarding the duty of fair representation. *See* 29 U.S.C. § 185(b).

year-old, a member of the protected class.[5] Plaintiff has thus failed to set forth a prima facie case of age discrimination, and his claim fails as a matter of law.[6]

### B. Breach of the Duty of Fair Representation

 Plaintiff further contends that defendant UAW Local 600 breached its duty of fair representation by "forc[ing] [him] out of his position wrongly." Defendant argues that plaintiff's claim is barred by his failure to exhaust internal union appeals. Plaintiff responds with conclusory allegations that such appeals would be futile in that his complaints to Thompson's superiors went unheeded.

 It is well established that exhaustion of internal union remedies is a prerequisite to bringing a fair representation suit. *Clayton v. UAW*, 451 U.S. 679, 689, 101 S.Ct. 2088, 2095, 68 L.Ed.2d 538 (1981). This is particularly true with UAW members. *Reinhardt v. UAW*, 636 F.Supp. 864, 867 (E.D.Mich.1986) (Churchill, J.). In considering charges of futility, courts have required a clear and positive showing thereof before excusing a failure to exhaust the union's appellate process. *See Fleming v. Chrysler Corp.*, 416 F.Supp. 1258 (E.D.Mich.1975) (Kaess, J.), *aff'd*, 575 F.2d 1187 (6th Cir.1978); *Anderson v. Ford Motor Co.*, 319 F.Supp. 134 (E.D.Mich.1970) (Freeman, J.). Plaintiff's are clearly insufficient.

The core of plaintiff's claim is that on various occasions, he approached Thompson's "higher ups" to complain of the alleged harassment without success. Even if this were true, however, it does not impugn the fairness of the higher levels of the union's appeal procedures. *See Brookins v. Chrysler Corp.*, 381 F.Supp. 563, 566 (E.D.Mich.1974) (Feikens, J.). Plaintiff has thus failed to make a clear and positive showing of futility. Accordingly, his breach of the duty of fair representation claim is barred.

### IV. CONCLUSION

For all the foregoing reasons, defendants' motion for summary judgment is GRANTED.

---

**5.** Moreover, plaintiff attained his position at the age of 49, which on its face rebuts any presumption of age discrimination. 56 Fair Empl. Prac. Cas. (BNA) 651, 652 (1991).

**6.** For the sake of completeness, this Court notes that in formulating the ADEA, Congress expressly adopted the remedial scheme of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216, to enforce ADEA's provisions. 29 U.S.C. § 626(b);

*Lorillard v. Pons*, 434 U.S. 575, 582, 98 S.Ct. 866, 871, 55 L.Ed.2d 40 (1978). Unions, or anyone acting in the capacity of officer or agent for such labor organizations, are not liable for monetary damages under the FLSA. *See* 29 U.S.C. §§ 203(d) and 216(b). Thus, even assuming plaintiff's prima facie case was established, plaintiff could not recover the relief sought.