Albert C. DOBY, et al.

v.

SAFEWAY STORES, INC., et al.

Civ. A. No. 81–0205–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 1, 1981.

James A. Eichner, Richmond, Va., Alan Banov, Washington, D. C., for plaintiffs.

James Patrick McElligott, Jr., Richmond, Va., Richard C. Hotvedt, William W. Osborne, Jr., Washington, D. C., Norman Olitsky, Portsmouth, Va., Samuel Green, Arlington, Va., Robert M. Baptiste, Washington, D. C., for defendants.

## MEMORANDUM

WARRINER, District Judge.

This case comes before the Court on Motions to dismiss and on Cross-Motions for summary judgment. The plaintiffs are present and former employees of Safeway Stores' Landover, Maryland, Distribution Center. Their bargaining representative is Local 639 of the International Brotherhood of Teamsters. Seeking equitable and monetary relief, the plaintiffs bring suit against Safeway, Incorporated, (Safeway) for breach of the collective-bargaining agreement between Safeway and Local 639; Local 639 for breach of its duty of fair representation; the International Brotherhood of Teamsters (International) for

breach of its constitution and for breach of its duty of fair representation; Local 592, the bargaining representative for the Richmond, Virginia, Distribution Center, for violation of the International constitution and for tortious interference with Local 639's contract with Safeway. The International, Local 639, and Local 592 have each moved to dismiss. Both Safeway and the plaintiffs have moved for summary judgment.

■ The plaintiffs claim jurisdiction under Section 9(a) of the National Labor Relations Act, as amended (NLRA), 29 U.S.C. § 159(a), and Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Section 159(a) grants a union the exclusive right and obligation to represent employees for which it has been certified as bargaining agent.[1] The duty of fair representation of the employee by his union is implicit in the union's capacity as "exclusive representative." See, *Humphrey v. Moore*, 375 U.S. 335, 342, 84 S.Ct. 363, 367, 11 L.Ed.2d 370 (1965); *Steele v. Louisville & N.R.R.*, 323 U.S. 192, 199, 65 S.Ct. 226, 230, 89 L.Ed. 173 (1944). Under Section 185(a)[2] suits for violation of contracts between an employer and labor organization or for violations of contracts between labor organizations may be brought in a federal district court. An action by an employee for breach of a bargaining represent-ative's duty of fair representation may also be brought under Section 185(a). See *Humphrey v. Moore*, 375 U.S. 335, 343–44, 84 S.Ct. 363, 368–369, 11 L.Ed.2d 370 (1965). To maintain an action under Section 185(a), a contract must exist between the parties to the action. This case involves two contracts: (1) the collective-bargaining agreement between Safeway and Local 639 and, (2) the International constitution, to which the International, Local 639, and Local 592 are parties.

## FACTS OF THE CASE

The case centers on a dispute between Local 639 and Local 592 as to which union would service three Safeway stores in Fredericksburg, Virginia. Fredericksburg is within the geographical jurisdiction of Local 592, the exclusive bargaining agent of the Richmond Safeway distribution center. Despite this, Local 639 had obtained a collective bargaining contract with Safeway under which its local members would service the three Fredericksburg Stores out of the Landover, Maryland, distribution center.[3]

Both Local 592 and Local 639 are local unions in the International Brotherhood of Teamsters. The International constitution provides a procedure for determining jurisdictional disputes and states that a decision

---

1. Section 159(a) of the NLRA states:
   (a) Exclusive representatives—Employees' adjustment of grievances directly with employer.
   Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment: Provided, That any individual employee or a group of employees shall have the right at any time to present grievances to their employer and to have such grievances adjusted, without the intervention of the bargaining representative, as long as the adjustment is not inconsistent with the terms of a collective-bargaining contract or agreement then in effect: Provided further, That the bargaining representative has been given opportunity to be present at such adjustment.

2. Section 185 of the LMRA states:

   Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

3. Article 6, Section 4, of the collective-bargaining agreement states:
   *Richmond Distribution*: No retail deliveries will be made from the Safeway Richmond, Virginia distribution facilities (present and in the future) north of an imaginary line drawn due west of Massaponax, Virginia. All pickups and backhauls to the Landover Distribution Center shall be run by Local Union 639 drivers at the Landover Distribution Center.
   The Fredericksburg stores are north of this imaginary line.

rendered under that procedure is binding and takes precedence over any arbitration award or decision of a joint grievance committee. Article XII, Section 12.

In 1978 Local 592 filed a petition with the International requesting a resolution of the jurisdictional dispute over seven Safeway stores in Virginia, including the three in Fredericksburg. Under the constitutional procedure, the General President of the International appointed a three-member panel to consider the petition. The panel held a hearing at which both Locals 639 and 592 appeared to present evidence supporting their respective positions.

After considering the arguments and evidence, the panel submitted a report to the General Executive Board recommending that jurisdiction over the three Fredericksburg stores be awarded to Local 592 and that the remaining four stores, not being within Local 592's geographic area, continue to be serviced by Local 639.[4] The General Executive Board adopted the panel's recommendation.

Upon being notified of the decision, Safeway agreed to comply, and the change was implemented. Several employees of the Landover Center presented grievances with respect to the change to Safeway, and Local 639 initially processed the grievances on the ground that some ambiguity existed in the scope of the decision. Local 639 ultimately accepted the decision and has not pursued the grievances further. Local 639 did seek a stay from the International so that the transfer would not go into effect until the expiration of its contract with Safeway. The General Executive Board held a second hearing at which it denied the stay and reaffirmed its original decision. Safeway and Local 639 consider the dispute resolved and decline to pursue any grievances objecting to the work transfer.

On these facts, plaintiffs filed suit against the International alleging that it

had authority under its constitution to determine only the geographical jurisdiction of the local unions, not the contractual jurisdiction of the stores. Thus, it is charged, in rendering the challenged decision the International breached its constitution by exceeding its authority. Additionally, the plaintiffs allege, if the International did have the power to determine the issue, in the exercise of this power it breached its duty of fair representation to the members of Local 639 by ruling in an arbitrary manner.

The plaintiffs also allege that Local 639 breached its duty of fair representation by accepting the decision of the International, by perfunctorily and unaggressively processing plaintiffs' grievances, and by failing to require Safeway to arbitrate these grievances.

The plaintiffs allege that Safeway breached its collective-bargaining agreement by transferring the work to Local 592 and by failing to process grievances of the employees.

Finally, they allege that Local 592 breached the International constitution by "misusing" the jurisdictional dispute procedure. They assert an additional claim for tortious interference with a contract, a State law claim, under the doctrine of pendent jurisdiction.

## MOTIONS TO DISMISS

The International moves for dismissal on the ground that it was not a party to the contract between Safeway and Local 639 and hence could not be guilty of a breach thereof. While acknowledging this fact, the plaintiffs contend that the International constitution is a contract between the parties within the scope of Section 185(a) and that the International breached that contract.

In *United Association of Journeymen and Apprentices of the Plumbing and Pipefit-*

---

4. The panel stated:

While we appreciate the proper trade motive for negotiating the Maintenance of Standards Clause in 1972, now that the Richmond facility is also represented by the Teamsters, the time has come to honor the clear jurisdiction of a sister Local Union. In short, contract clauses cannot be allowed to conflict with jurisdictional determinations of this Union.

*ting Industry v. Local 334,* —— U.S. ——, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981), the Supreme Court held that a local union may sue its parent international under Section 185(a) for an alleged breach by the international of the international's constitution, regardless of whether such breach would have a significant impact on labor-management relations or industrial peace. The facts in *Plumbers and Pipefitters* are similar to those presented here. The International, pursuant to an apparent grant of authority in its constitution, consolidated plumbers into one local union and pipefitters into another. Previously each local had been composed of both plumbers and pipefitters. The plaintiffs argued that the constitution allowed the international to consolidate local unions, not to consolidate work classifications. The Supreme Court reversed the dismissal of the action.

Unlike the facts here, however, the action in *Plumbers and Pipefitters* was between a local union and its parent. The Court expressly declined to decide whether individual union members have standing under § 185(a) or otherwise to sue to enforce rights under an international's constitution. Id. at —— n.16, 101 S.Ct. at 2553 n.16. In a prior case, the Supreme Court recognized the right of an individual employee to sue his employer under § 185 for an alleged violation by the employer of a collective bargaining agreement. *Smith v. Evening News Association,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). The employer in *Smith* argued that "between" in § 185 refers to "suits" rather than to "contracts," thus authorizing only suits between an employer and a labor organization or between labor organizations. The Supreme Court, rejecting this interpretation of the statute, stated:

> According to this view suits by employees for breach of a collective bargaining contract would not arise under § 301 [§ 185] and would be governed by state law ... whereas a suit by a union for the same breach of the same contract would be a § 301 suit ruled by federal law. Neither the language and structure of § 301 nor its legislative history requires

or persuasively supports this restrictive interpretation, which would frustrate rather than serve the congressional policy expressed in that section. "The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements." *Teamsters, C. W. & H. v. Lucas Flour Co.,* 369 U.S. 95, 103, [82 S.Ct. 571, 576, 7 L.Ed.2d 593] (1962). Id. at 200–201, 83 S.Ct. at 270.

■ Cases prior to *Plumbers* disagreed on whether an individual member could sue for breach of a union constitution. See *Trail v. International Brotherhood of Teamsters,* 542 F.2d 961 (6th Cir. 1976) (suit not permitted); *Abrams v. Carrier Corp.,* 434 F.2d 1234 (2d Cir. 1970) (suit permitted). *Plumbers* establishes that a constitution is a contract for purposes of a suit under § 185. Section 185, using only the term "contract," makes no distinction in its language between constitutions and other types of contracts. Further, the Supreme Court's reasoning in *Smith* upholding the member's right to sue under a collective bargaining agreement applies equally to suits by members for breach of a contract in the form of a constitution. Therefore, this Court holds that individual members of a union may maintain a suit against the international for breach of their contractual rights under the international constitution. The International's Motion to dismiss on this ground is denied.

■ The International also moves to dismiss the claim based on fair representation on the ground that the plaintiffs have stated only conclusions and have alleged no specific conduct by the International that would violate its duty of fair representation. Thus, International argues, they have failed to state a claim upon which relief can be granted. To support this ground, the International relies on the following statement from *Lusk v. Eastern Products Corp.,* 427 F.2d 705, 708 (4th Cir. 1970):

The allegations of a complaint alleging a breach of a union's duty of fair representation must contain more than conclusory statements alleging improper representation; conclusory allegations without specifying supporting facts to show the union's lack of good faith fail to state a valid claim.

In its duty of fair representation, a union has a "statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 910, 17 L.Ed.2d 842 (1967). The plaintiffs contend that they meet the burden of showing a breach of duty sufficient to survive a motion to dismiss by alleging conduct that is unreasonable and arbitrary, without having to show a hostile motive or bad faith. See *Griffin v. UAW*, 469 F.2d 181, 183 (4th Cir. 1972).

The Supreme Court stated in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In *Czosek v. O'Mara*, 397 U.S. 25, 27, 90 S.Ct. 770, 772, 25 L.Ed.2d 21 (1970), the Supreme Court rejected the dismissal of a complaint that alleged only in general and conclusory terms a violation of the duty of fair representation. *Czosek* was decided only shortly before the Fourth Circuit's opinion in *Lusk* and it was not mentioned in the opinion.

■ If, as the plaintiffs allege, the International did go beyond its power in determining the jurisdictional dispute a breach of contract exists. If it made its decision in an arbitrary manner, a breach of the duty of fair representation could be found. On both aspects, then, the Court denies International's Motion to dismiss on the grounds of the insufficiency of the complaint to state a claim.

■ The International moves to dismiss on the additional ground of the plaintiffs' failure to exhaust intra-union remedies provided in the International constitution. The Motion to dismiss on this ground is denied on the basis of the Supreme Court's decision in *Clayton v. UAW*, —— U.S. ——, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). In *Clayton*, the plaintiff filed an action in federal court against his employer and his union without exhausting the procedures provided in the union constitution. The plaintiff sought money damages and reactivation of his grievance or reinstatement on his job. The Court held that the plaintiff could bring suit in federal court without exhausting internal union procedures when those procedures could not result in an award of the complete relief sought. In addition, the plaintiff need not exhaust the procedures with respect to either the employer or the union, although the procedures could result in the relief sought from one of the parties. Id. at —— — ——, 101 S.Ct. at 2097, 2098–2099.

The plaintiffs in this action likewise cannot obtain the relief requested by resort to internal union procedures. Even should the International reverse the jurisdictional decision, a reversal would not compensate the plaintiffs for their loss of income and loss of jobs.

■ The International's fourth ground for its Motion to dismiss is that the Court lacks jurisdiction under Section 185(c), which provides:

(c) For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

The International argues that it meets neither of these statutory requirements, having its principal office in Washington, D. C., and having no agents or officers acting in the Eastern District of Virginia.

Section 185(c) has been construed as providing only a basis for venue, despite the use of the word "jurisdiction." See, e. g., *Barefoot v. International Brotherhood of Teamsters*, 424 F.2d 1001 (10th Cir. 1970); *United Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO, Local 102 v. Lee Rubber and Tire Corp.*, 394 F.2d 362 (3d Cir. 1968). The Court, therefore, denies the Motion to dismiss for lack of jurisdiction under Section 185(c). As for venue, the International has not established that it has no officers or agents engaged in representing or acting for its members in the Eastern District of Virginia. See *Central Appalachian Coal Co. v. United Mine Workers*, 376 F.Supp. 914, 928 (D.W.Va.1974).

Local 639 also moves to dismiss on various grounds. The first ground is the plaintiffs' failure to exhaust intra-union remedies provided in the union constitution. This ground fails for the reasons stated in the denial of the International's Motion.

█ In addition, Local 639 moves to dismiss in that the International's decision is not subject to collateral attack. Local 639 relies largely on the Fourth Circuit's decision in *Parks v. International Brotherhood of Electrical Workers*, 314 F.2d 886, 913 (4th Cir. 1963), that federal courts "are justified in ruling a union tribunal biased only upon a demonstration that it has been substantially actuated by improper motives." Local 639 argues that under the standard enunciated in *Crigger v. Allied Chemical Corp.*, 500 F.2d 1218, 1219 (4th Cir. 1974), the International's decision cannot be disturbed.

> The district court correctly concluded that it could not review the merits of the umpire's award; instead review [is] limited to the . . . issues of whether the umpire's decision "drew its essence" from the Agreement, whether there was evidence of fraud, deceit or breach of the union's duty of fair representation, or whether the grievance procedure was a sham, substantially inadequate or substantially unavailable.

These references are inapplicable to this case. In *Parks* the decision of an arbitrator was being challenged, and in *Crigger* the decision of an umpire was under attack. Here the plaintiffs directly attack the decision of the International as being a breach of contract and as being arbitrary. The Motion for dismissal on the ground that the International's decision is not subject to collateral attack is denied. This is a direct attack.

█ Local 639 also moves to dismiss on the ground that the Complaint fails to allege a breach of the duty of fair representation. Using the standard of *Conley*, 355 U.S. at 45–46, 78 S.Ct. at 101–102, when read with *Czosek*, 397 U.S. at 27, 90 S.Ct. at 772, this Court cannot say that the plaintiffs can establish no facts that would entitle them to relief on the allegation that Local 639 breached its duty of fair representation by readily accepting the International's decision or by processing the grievances in a perfunctory and unaggressive manner. The Motion of Local 639 to dismiss is denied.

█ Local 592 also moves to dismiss on the ground that the plaintiffs have failed to state a claim against it. The plaintiffs allege that Local 592 breached a contract between labor organizations, i. e. the constitution, by misusing the jurisdictional dispute procedure to effectuate a "raid" upon the work of a sister local. Local 592 denies that plaintiffs have cited any specific provision of the constitution that Local 592 has allegedly violated.

At this point, the Court cannot say that Local 592 did not breach the union constitution by using the jurisdictional dispute procedure to gain control of stores allocated to Local 639 in its collective bargaining agreement. One of the objects of the International as expressed in the constitution is "to safeguard, advance and promote the principle of free collective bargaining." Article I, Section 2. The local unions agree in their charters to abide by the provisions of the International constitution, and that provision of the local charters is a part of the International constitution. Article VII, Section 3. It is implicit in the constitution that local union members of the Interna-

tional will not war with one another in violation of the objectives stated in the constitution.

In *Plumbers*, the Supreme Court was concerned with a jurisdictional provision in a constitution and with whether the parent union had violated the constitution by using the provision in an unauthorized manner. If the local unions are equally bound to abide by the constitution, surely the local union can violate the constitution by knowingly subverting the purpose of a clause in the constitution. Local 592's Motion to dismiss is denied.

■ Plaintiffs also claim subject matter jurisdiction under Sections 101(a)(4) and 102 of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 411(a)(4) and 412.[5] For the Court to have jurisdiction under Section 412 of the LMRDA, the Complaint must allege a violation of a right secured under Sections 411 through 415 of the Act. Plaintiffs allege that the defendant unions violated Section 411(a)(4). In their statements of claims, however, the plaintiffs allege no conduct that could conceivably violate Section 411(a)(4). The Motions to dismiss on this ground are granted.

■ Finally, defendants International and Local 639 severally move to dismiss plaintiffs' request for punitive damages. In *International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42, 52, 99 S.Ct. 2121, 2128, 60 L.Ed.2d 698 (1979), the Su-

preme Court held that punitive damages "may not be assessed against a union that breaches its duty of fair representation by failing properly to pursue a grievance." This Court, therefore, dismisses punitive damages requests against the defendant unions based on failure to pursue grievances. Any further ruling on the propriety of punitive damages is premature at this time.

## MOTION FOR SUMMARY JUDGMENT

Safeway moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, contending that no material facts are in dispute and that Safeway is entitled to judgment as a matter of law. Plaintiffs object to the Motion and alternatively file a Cross-Motion for summary judgment.

■ Plaintiffs base their action against Safeway on a breach of the collective-bargaining agreement. Safeway argues that the International's decision voided the collective-bargaining agreement and that it properly relied on the decision. Plaintiffs counter that Safeway did not rely on the decision but rather used it as an excuse to violate a collective-bargaining agreement. Plaintiffs additionally allege a conspiracy or collusion between Safeway, the International, and Local 592, with Safeway "goading" Local 592 into challenging Local 639's jurisdiction because Safeway knew how the International would rule.

5. Section 411(a)(4) states:
   (4) Protection of the right to sue. No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator: Provided, That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer

thereof: And provided further, That no interested employer or employer association shall directly or indirectly finance, encourage, or participate in, except as a party, any such action, proceeding, appearance, or petition. Section 412 states:
Any person whose rights secured by the provisions of this title [29 USCS §§ 411–415] have been infringed by any violation of this title [29 USCS §§ 411–415 of this title] may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located.

The Court is guided by the principle that when state of mind may be an issue, summary judgment should be granted sparingly because state of mind must generally be inferred from the facts. Thus, the Court is concerned not only with whether facts are in dispute but also with what inferences may be drawn from facts not in dispute.

At this point, the Court cannot say that the undisputed evidence may not reasonably give rise to an inference that Safeway is liable for breach of the collective bargaining agreement. The Court also cannot say that plaintiffs have presented evidence, however undisputed, upon which liability could clearly be fastened. The Motions for summary judgment are denied.

And it is so ORDERED.