576 F.Supp. 278 (1983)
E.C. ALFORD, et al., Plaintiffs,
v.
NATIONAL POST OFFICE MAIL HANDLERS, etc., et al., Defendants.
No. 82-1451C(1).
United States District Court, E.D. Missouri.
November 23, 1983.
*279 Sheldon Weinhaus, St. Louis, Mo., for plaintiffs.
J.F. Souders, Charles A. Werner, St. Louis, Mo., William B. Peer, Washington, D.C., for defendants.

MEMORANDUM
NANGLE, Chief Judge.

I. INTRODUCTION:
This case is now before this Court on the motion of defendants McGhee, Clossen and Quinones for reconsideration of a portion of this Court's order of September 28, 1983.[1] Defendants move this Court to reconsider that portion of the September 28th order which denied defendants' motion to *280 dismiss plaintiffs' claims under section 301(a) of the Labor Management Relations Act of 1947, as amended, (LMRA), 29 U.S.C. § 185(a). Specifically, defendants contend that section 301(a) does not vest jurisdiction in this Court to hear plaintiffs' claims or, in other words, that plaintiffs' claims do not state a cause of action under section 301(a).
Plaintiffs respond with several arguments. First, plaintiffs contend that defendants are barred from raising this issue because they failed to raise it earlier and because they failed to object to the recommendation of the Honorable David Noce, United States Magistrate, that plaintiffs stated claims under section 301(a) if they amended their complaint to allege exhaustion of internal union remedies.[2] Second, plaintiffs argue that, if this Court reaches the merits of defendants' motion for reconsideration, section 301(a) does give this Court jurisdiction to hear plaintiffs' claims. Finally, plaintiffs accuse defendants of deliberately misrepresenting quotations from authorities relied upon by defendants in memoranda filed in support of defendants' motion for reconsideration, and of filing the instant motion for purposes of harassment and delay. Plaintiffs' request that this Court impose sanctions on defendants for their misconduct.
In addition, plaintiffs move to realign the Local Union as a plaintiff again, in view of the recent elections which placed one of the plaintiffs back in office; plaintiffs move for an entry of default and summary judgment against defendants McGhee, Clossen, and Quinones, in view of their failure to comply with this Court's order directing them to respond to plaintiffs' motion for summary judgment; and defendant Division moves this Court for a status call for the purpose of defining any remaining issues in view of the fact that elections were recently held and the trusteeship was lifted.
Each of these motions will be considered in turn.

II. MOTION FOR RECONSIDERATION: DOES SECTION 301(a) CREATE A CAUSE OF ACTION BY LOCAL UNION MEMBERS AGAINST A LOCAL UNION FOR BREACH OF THE LOCAL CONSTITUTION?

A. Propriety Of Reaching Defendants' Argument

In their motion for reconsideration, defendants argue that this Court should reconsider this Court's prior holding that section 301(a) creates a cause of action for breach of a union constitution. Plaintiffs contend that defendants are barred from raising this argument now because they failed to raise it earlier. Defendants earlier moved to dismiss plaintiffs' section 301(a) claims on the ground that they had failed to exhaust internal union remedies. The motion was referred to the Honorable David Noce, United States Magistrate, for his report and recommendation. The Magistrate recommended that plaintiffs' section 301(a) claims be dismissed unless they amend their complaint to allege exhaustion of internal remedies. At no time did defendants argue that section 301(a) does not give this Court jurisdiction over plaintiffs' claims based upon section 301(a).
In the September 28th order, this Court, in dicta, stated that "[s]ection 301 of the LMRA creates a cause of action against a union by an officer who alleges that he was removed in violation of the union's constitution. 29 U.S.C. § 185(a). Kinney v. I.B. E.W., 669 F.2d 1222, 1229 (9th Cir.1981)." Local 314, National Post Office Mail Handlers v. National Post Office Mail Handlers, 572 F.Supp. 133, 139 (E.D.Mo., 1983). Defendants now directly raise the question of whether there is a cause of action under section 301(a) for plaintiffs' claims, by way of a motion to reconsider the September 28th denial of defendants' motion to dismiss the section 301(a) claims.
While defendants are tardy in not *281 squarely raising this question earlier,[3] it is the opinion of this Court that it is both proper and necessary to reach the merits of defendants' argument in support of their motion for reconsideration. Whether defendants' motion be characterized as a motion to dismiss for failure to state a claim upon which relief can be granted or a motion to dismiss for lack of subject matter jurisdiction, it is clear that both may be raised before the district court at any time. Fed.R.Civ.P. 12(h)(2) and (3). In the alternative, it is clear that either motion may be raised by a district court sua sponte. See 5 Wright & Miller, Federal Practice and Procedure: Civil § 1357 at 593 (1969).
Accordingly, whether by defendants' motion for reconsideration or upon this Court's own motion, this Court now reaches the merits of whether section 301(a) gives this Court jurisdiction over plaintiffs' claims.

B. Plaintiffs' Claims Under Section 301(a)

In their section 301(a) claims, plaintiffs allege that certain actions by defendants violated the Local Constitution.[4] Plaintiffs allege that their removal from office violated the Local Constitution in that: 1) the charges against them were not specific as required by Article X, § 1 (¶ 20 of First Amended Complaint); 2) the trial panel which heard the charges against plaintiffs was biased and not disinterested as required by Article X, § 3 (¶ 22 of First Amended Complaint); and 3) the decision to remove plaintiffs from office was not accompanied by specific findings of guilt as required by Article X, § 5 (¶ 23 of First Amended Complaint). Plaintiffs further allege that the failure of the defendant Division[5] to hear or process plaintiffs' appeals from the decisions of the trial panel is a violation of Article X, § 6 of the Local Constitution. (¶ 26 of First Amended Complaint). In addition, plaintiffs allege that defendants violated the Local Constitution by removing the Local's financial records from the Local headquarters, Article IV, § 5(D)(8) (¶ 12 of First Amended Complaint), and by not recognizing the signature of Local President Alford on the Local's check, Article IV, § 5(D)(4) (¶ s 13 & 14 of First Amended Complaint).
Significantly, plaintiffs rely, for their section 301(a) claims, solely on violations of the Local Constitution, rather than the National (Division) or International Constitutions. Nowhere in plaintiffs' First Amended Complaint is either of the latter constitutions mentioned, nor can it be inferred from any allegation in said complaint that plaintiffs' claims are based on violations of the National or International Constitutions.

C. Standard For Granting A Motion To Dismiss

In passing on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court is required to view the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. *282 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A complaint will withstand a motion to dismiss even if it appears on the face of the pleadings that a recovery is very remote. Id. A complaint will not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 101-102.

D. The Merits Of Defendants' Argument

Section 301(a) provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
29 U.S.C. § 185(a) (emphasis added). The issues raised by the facts of this case are: 1) whether individual union members can maintain a suit based upon a violation of a union constitution; and 2) whether a local constitution is a "contract between ... labor organizations."
In United Association of Journeymen v. Local 334, 452 U.S. 615, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981) (hereinafter "Journeymen"), the Supreme Court held that an international union's constitution is a "contract between ... labor organizations," and that a federal district court has jurisdiction, under section 301(a), of a claim by a local union against an international union that the international union violated the international constitution, without requiring proof that the dispute will have a "significant impact" on external labor-management relations. Prior to the Court's decision in Journeymen, the Courts of Appeals had split on whether such an action could be maintained under section 301(a) without first satisfying a significant impact requirement. Id. at 620 n. 7, 101 S.Ct. at 2549 n. 7. However, the Court was careful to limit its holding to the facts before it, namely a local union suing an international union alleging that the international violated the international constitution. The Court stated: "[w]e ... need not decide whether individual union members may bring suit on a union constitution against a labor organization." Id. at 627 n. 16, 101 S.Ct. at 2553 n. 16 (emphasis added).
Prior to Journeymen, the Ninth Circuit had held that an individual union member may bring suit on a union constitution against a labor organization, but required a showing of significant impact in all cases of suits upon union constitutions under section 301(a). Kinney v. International Brotherhood of Electrical Workers, 646 F.2d 392 (9th Cir.1981). That opinion was later withdrawn in response to the Journeymen decision and replaced by Kinney v. International Brotherhood of Electrical Workers, 669 F.2d 1222 (9th Cir.1982). Kinney was a suit by a local union officer against an international union alleging, inter alia, that his removal from office violated the international constitution. The earlier Kinney opinion sustained the trial court's dismissal of plaintiff's section 301(a) claim, because plaintiff failed to allege a sufficient impact on external labor-management relations. The later Kinney opinion, noting that Journeymen "requires a change in [the Ninth Circuit's] approach to § 185(a) jurisdiction," reversed the dismissal of the section 301(a) claim and remanded the case for trial. 669 F.2d at 1229-30. The Kinney court felt that Journeymen mandated abandonment of the significant impact requirement, but held that Journeymen did not affect prior Ninth Circuit precedent, see Stelling v. International Brotherhood of Electrical Workers Local Union Number 1547, 587 F.2d 1379, 1382-84 (9th Cir.1978), allowing an individual union member to bring suit on a union constitution. 669 F.2d at 1229. Thus, Kinney read Journeymen to reject the significant impact requirement in all contexts, including union constitution suits by individual union members.
*283 The Supreme Court's footnote 16 in Journeymen gives little guidance as to how the Court will view the question of whether individual union members may bring suit on a union constitution against a labor organization. The Court cited Smith v. Evening News Assn., 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); Abrams v. Carrier Corp., 434 F.2d 1234, 1247 (2d Cir.1970), cert. denied sub nom. Steelworkers v. Abrams, 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971); and Trail v. International Brotherhood of Teamsters, 542 F.2d 961, 968 (6th Cir.1976), following its disclaimer in footnote 16. 452 U.S. at 627 n. 16, 101 S.Ct. at 2553 n. 16. Smith is relevant because there the Court held that an individual employee could sue an employer for violation of a collective bargaining contract. Smith interpreted the word "between" in section 301(a) as referring to "contracts" between an employer and a labor organization, not to "suits" between them. See Painting & Decorating Contractors Assn. v. Painters and Decorators Joint Committee, 707 F.2d 1067, 1070-71 n. 2 (9th Cir.1983); Stelling, 587 F.2d at 1383. Abrams and Trail split on the question the Court left open in Journeymen, Abrams answering in the affirmative and Trail answering in the negative. See also Alexander v. International Union of Operating Engineers, 624 F.2d 1235 (5th Cir. 1980) (holding that an individual union member could bring suit under section 301(a), but only if the plaintiff alleged significant impact on external labor relations).[6]
Post-Journeymen decisions, in addition to Kinney, have also split on the question of whether the issue disclaimed by the Court in footnote 16 should be answered in the affirmative or the negative. Frenza v. Sheet Metal Workers' International Assn., 567 F.Supp. 580 (E.D.Mich.1983), held that union members cannot, under any circumstances, use section 301(a) to sue for violations of a union constitution. The value of Frenza, though, is minimal because the rationale of its holding was the fact that Journeymen did not overrule Trail and the Frenza court felt bound to follow Trail.
Finnie v. District No. 1, 538 F.Supp. 455 (N.D.Cal.1981), on the other hand, held that a union member could sue his local for violation of the international constitution, but only if the significant impact requirement is met. In Finnie the district court dismissed the complaint because there were no allegations that the dispute had a potentially significant impact upon labor-management relations or industrial peace. Id. at 460. The court read Journeymen narrowly to stand for the limited proposition that "suits between a local and an international by their very nature have a potentially significant impact upon labor-management relations and industrial peace...." Id. at 459 (emphasis in original). In addition, the court stated:
Footnote 16 strongly suggests that Journeymen's abolition of the significant impact requirement does not extend beyond suits between separate labor organizations like the local and the international there involved, since it is difficult to understand how a decision can affect a class of suits regarding which there is no certainty that standing exists. Thus, Stelling's holding that a potentially significant impact upon labor-management relations or industrial peace must be *284 shown before an individual's suit on a union constitution can lie under § 301(a) is still valid precedent in the Ninth Circuit, and is binding on this Court.
Id. at 460 (emphasis in original).
However, the value of Finnie is also questionable because there is little in the Journeymen opinion itself to support Finnie's suggestion that Journeymen implicitly retained the significant impact test but found that it is automatically satisfied when the suit is between a local and an international union. The significant impact requirement was created by the Courts of Appeals as a limitation on the meaning of "contract" in section 301(a) and not as a limit on the parties who can sue to enforce a section 301(a) contract. See Stelling, 587 F.2d at 1383-84. See also Journeymen, 452 U.S. at 621, 625 n. 10, 101 S.Ct. at 2550, 2552 n. 10. Therefore, in rejecting the significant impact requirement, the Journeymen court held that a union constitution is a contract between labor organizations. There is no suggestion in the Court's opinion, or footnote 16, that the significant impact requirement should now be construed as a limitation on the parties entitled to enforce such contracts. Moreover, the Finnie court's reliance on Stelling was expressly disapproved of three months later by the Ninth Circuit in Kinney.
The only other post-Journeymen decision on the question left open by footnote 16 is Doby v. Safeway Stores, Inc., 523 F.Supp. 1162 (E.D.Va.1981). Doby held that individual members of a union may maintain a suit against an international for violation of their contractual rights under the international constitution. Id. at 1166. The court reasoned that:
[Journeymen] establishes that a constitution is a contract for purposes of a suit under § 185. Section 185, using only the term "contract", makes no distinction in its language between constitutions and other types of contracts. Further, the Supreme Court's reasoning in Smith upholding the member's right to sue under a collective bargaining agreement applies equally to suits by members for breach of a contract in the form of a constitution.
Id. Doby did not even deem it necessary to mention the significant impact requirement.
This Court agrees with the holding and the reasoning of Doby. The plain language of section 301(a) extends the jurisdiction of the federal courts to suits for violation of contracts between labor organizations. Nothing in its terms limits that jurisdiction to particular types of contractual violations, such as violations that have a significant impact on labor-management relations. Journeymen settled the question of whether an international union constitution is a contract. It is the opinion of this Court that Journeymen rejected the significant impact requirement as a limit on the types of contractual violations that may be the subject of a section 301(a) suit. The significant impact test was never viewed as a limit on the parties who could sue for violations of union constitutions  it was a limit on the types of union constitutional violations that could be the subject of a section 301(a) suit. Using the requirement to limit the parties who can sue would not be logical, because if a particular type of contractual violation does have a significant impact on labor-management relations, the status of the plaintiff as the union itself or only a member is irrelevant to the impact of the violation. Moreover, this Court reads footnote 16 as leaving open only the question of whether Smith should be extended to section 301(a) union constitution suits, rather than leaving open the additional question of whether the significant impact requirement should apply to suits by individual union members. With respect to the former, this Court agrees with Doby that the reasoning of Smith applies equally to suits for violation of contracts between labor organizations, as it does to suits for violations of contracts between employers and labor organizations. See Painting & Decorating Contractors Assn., 707 F.2d at 1071 (section 301(a) does not contain any requirement that the parties to an action thereunder *285 must also be the parties to the allegedly breached contract).
In sum, this Court holds that an individual union member may sue for violation of a union constitution under section 301(a) in the same circumstances that a union itself could sue. There is no special prerequisite, such as satisfying the significant impact requirement, for suits for violations of union constitutions by union members. In the alternative, if there is such a special prerequisite, plaintiffs' complaint satisfies the significant impact requirement. See note 6 supra. Accordingly, this Court rejects the grounds raised by defendants in support of their motion to reconsider this Court's denial of their motion to dismiss the section 301(a) claims.
It is the opinion of this Court, however, that plaintiffs' section 301(a) claims must be dismissed for a different reason, not raised by either party. The plain language of section 301(a) extends federal jurisdiction only to suits for violations of contracts "between labor organizations." 29 U.S.C. § 185(a) (emphasis added). The only "contract" that is alleged to have been violated here is the Local Constitution. While the Local Constitution may be a contract between the Local and its members under state law, see Machinists v. Gonzales, 356 U.S. 617, 618-19, 78 S.Ct. 923, 924, 2 L.Ed.2d 1018 (1958) (cited in Journeymen, 452 U.S. at 621, 101 S.Ct. at 2550), it is not a contract between "labor organizations."
The term "labor organization," as used in section 301(a), is defined elsewhere in the LMRA, as follows:
any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.
29 U.S.C. § 152(5). Applying this definition to the facts of this case, there is only one "labor organization" that is a party to the Local Constitution  that party is the Local itself. There simply are not two labor organizations that are parties to the contract.
The facts of this case are distinguishable from Journeymen. In Journeymen, the "contract" in question was the international constitution. In several places in the Journeymen opinion, the Court emphasized this aspect of section 301(a). The Court stated the issue in the case as being "whether a suit brought by a local union against its parent international union, alleging a violation of the international's constitution, falls within § 301(a) jurisdiction of the federal district courts." 452 U.S. at 616, 101 S.Ct. at 2547 (emphasis added). In the body of the Court's opinion, the Court noted that "the view of a union constitution as a contract between parent and local unions was widely held in the States around the time § 301(a) was enacted." Id. at 621, 101 S.Ct. at 2550 (emphasis in original). After finding that the international constitution was a "contract" in the usual sense of the term, in an effort to establish that the facts fell within the plain language of section 301(a), the Court stated that it was clear that the parties to the contract, the local and the international, were both "labor organizations" within the meaning of 29 U.S.C. § 152(5). Id. at 622, 101 S.Ct. at 2550. In discussing the congressional intent behind section 301(a), the Court stated that "apparently Congress was also concerned that unions be made legally accountable for agreements into which they entered among themselves, an objective that itself would further stability among labor organizations," Id. at 624, 101 S.Ct. at 2551 (emphasis added). Finally, in rejecting the argument that the significant impact test should apply, the Court stated: "There is an obvious and important difference between substantive regulation by the National Labor Relations Board of internal union governance of its membership, and enforcement by the federal courts of freely entered into agreements between separate labor organizations." Id. at 626, 101 S.Ct. at 2552 (emphasis added). Therefore, while there are statements in the *286 opinion which suggest that all union constitutions are contracts for purposes of section 301(a), the fact that an international constitution between a local and an international was involved, and the repeated emphasis by the Court on the section 301(a) requirement that separate labor organizations be parties to the contract, leads this Court to conclude that section 301(a) jurisdiction does not lie where the union constitution is a local constitution and the only labor organization involved is the local itself.
The significance of this factual distinction is further supported by the fact that in every case where suit under section 301(a) for breach of a union constitution was allowed, whether by a union or by a member and whether or not a significant impact on labor-management relations was required, the constitution involved was an international constitution. See, e.g., Local 317, National Post Office Mail Handlers v. National Post Office Mail Handlers, 696 F.2d 1300 (11th Cir.1983); International Union, Allied Industrial Workers of America v. Local Union No. 589, 693 F.2d 666 (7th Cir.1982); Local 472 v. Georgia Power Company, 684 F.2d 721 (11th Cir. 1982); Kinney v. I.B.E.W., 669 F.2d 1222 (9th Cir.1982); Local 37 v. Sheet Metal Workers' International Assn., 655 F.2d 892 (8th Cir.1981); Lodge 1380 v. Dennis, 625 F.2d 819 (9th Cir.1980); Alexander v. International Union of Operating Engineers, 624 F.2d 1235 (5th Cir.1980); Washington Local Lodge No. 104 v. International Brotherhood of Boilermakers, 621 F.2d 1032 (9th Cir.1980); Studio Electrical Technicians Local 728 v. International Photographers, 598 F.2d 551 (9th Cir.1979); Stelling v. I.B.E.W., 587 F.2d 1379 (9th Cir.1978); Frenza v. Sheet Metal Workers International Assn., 567 F.Supp. 580 (E.D. Mich.1983); Local 644 v. International Alliance of Theatrical Stage Employees, 563 F.Supp. 1334 (S.D.N.Y.1983); Operative Plasterers' and Cement Masons' International Assn. v. Metropolitan New York Dry Wall Contractors Assn., Inc., 543 F.Supp. 301 (E.D.N.Y.1982); Finnie v. District No. 1, 538 F.Supp. 455 (N.D.Cal.1981); Doby v. Safeway Stores, Inc., 523 F.Supp. 1162 (E.D.Va.1981). The absence of any reported decision allowing a union member to sue his local for breach of a local constitution can only be explained by the fact that a local constitution is not a "contract between ... labor organizations."
Accordingly, this Court holds that plaintiffs' section 301(a) claims must be dismissed because the Local Constitution fails to satisfy the jurisdictional prerequisite of a "contract between ... labor organizations." This result is entirely consistent with the intention of Congress in enacting section 301(a), because federal court enforcement and interpretation of local union constitutions, which are merely contracts between a local and its members, would be tantamount to interfering with "`union self-government'" or "`regulat[ing] a union's internal affairs.'" Journeymen, 452 U.S. at 626, 101 S.Ct. at 2552 (quoting N.L.R.B. v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 184, 87 S.Ct. 2001, 2009, 18 L.Ed.2d 1123 (1967)).

E. Plaintiffs' Request For Sanctions

In addition to opposing defendants' motion for reconsideration, plaintiffs move for sanctions against defendants. Plaintiffs contend that defendants intentionally misrepresented the holding of Kinney and interposed their motion for reconsideration for purposes of delay and harassment.
The basis of the intentional misrepresentation argument is the fact that defendants, in their supporting memorandum, quoted from the original Kinney decision and contended that this Court had misread Kinney. Defendants respond that the error was caused by their use of the L.R. R.M. reporting service. However, this Court used the correct Federal Reporter citation to the second Kinney opinion in the September 28th order, and defendants' memorandum lacks any citation to a page number following the quote. While these factors are suspicious, this Court is not convinced that defendants have intentionally attempted to mislead this Court. In addition, this Court is not convinced that *287 defendants' purposes in filing their motion for reconsideration were improper. As this Court's analysis herein demonstrates, the question of whether individual union members can maintain a section 301(a) action for violation of a union constitution, remains unsettled by the Supreme Court and the Kinney decision does not represent overwhelming or binding authority.
Accordingly, plaintiffs' motion for sanctions against defendants be and is denied.

III. REALIGNMENT OF THE LOCAL AS A PLAINTIFF:
Plaintiffs contend that several recent events justify realigning the Local as a plaintiff. Just last month new elections were held for the officers of Local 314. Among those elected was E.C. Alford, a plaintiff herein, who was elected President. In addition, Division's trusteeship over the Local was lifted. Finally, Local 314 allegedly passed a new resolution which seeks to have the Local realigned as a plaintiff and to have Sheldon Weinhaus, attorney for the individual defendants, represent the Local.
In the September 28th order, this Court accepted the recommendation of the Magistrate and ordered that the Local be realigned as a defendant. The basis of the Magistrate's recommendation was his belief that "it clearly appears that [the Local's] official position is consistent with the interests of the current defendants." Report and Recommendation of July 22, 1983 at 12-13. In the same order this Court also accepted the recommendation of the Magistrate that Sheldon Weinhaus be disqualified from representing the Local. The basis of this recommendation was the Magistrate's conclusion that Weinhaus had been terminated by the previous Local President, defendant McGhee, and that "[t]his discharge of counsel terminated Weinhaus' alleged authority to act as counsel for Local 314." Id. at 9. The other grounds for disqualifying Weinhaus were rejected by the Magistrate and this Court accepted those rejections.
It is the opinion of this Court that the characterization of the Local as a defendant or plaintiff in this action is of little consequence. When the Magistrate concluded that the interests of the Local were more consistent with those of the defendants, the posture of the case was dramatically different than it is now. At the time that recommendation was made, plaintiffs' claims consisted of various violations of the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401 et seq., and violations of section 301(a) of the LMRA. As a result of this Court's order of September 28th the only claims that remained were those under section 301(a), the allegations that the trusteeship violated the LMRDA, and the allegations that the individual defendants breached their fiduciary duties to the Local in violation of the LMRDA. As a result of today's order the section 301(a) claims are dismissed. The claims relating to the trusteeship seek relief against Division only. The claims relating to the breaches of fiduciary duty seek relief from the individual defendants only. In this posture of the case, the interests of the Local are opposed to those of the defendants. Indeed, the relief sought with respect to the breaches of fiduciary duty is sought solely for the benefit of the Local. The same is true of the trusteeship claims. Now that the LMRDA and LMRA removal-from-office and failure-to-hear-appeals claims are dismissed, it appears as though the individual plaintiffs are not seeking any relief for themselves and, therefore, the interests of the Local are consistent with those of the plaintiffs. The resolution of the new officers is persuasive in this regard, but this Court does not place dispositive weight on that fact.
Accordingly, as the case now stands, the presence of the Local as a party is more of a formality than substance and plaintiffs' motion to realign the Local as a plaintiff be and is granted. With regard to whether Sheldon Weinhaus may represent the Local, the sole basis of his prior disqualification was his termination by the Local. Because it now appears that the officers of the Local have given Weinhaus the authority that he lacked before, there is no reason *288 why he should not be able to represent the Local in prosecuting plaintiffs' remaining claims. It is not the function of this Court to tell the Local who it may or may not authorize to represent it.[7]

IV. PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT:
In the September 28th order this Court ordered defendants to respond to plaintiffs' motion for summary judgment within twenty-one (21) days of September 28, 1983. Defendants Division, International, Johnson, Ford, Sias and Bowen, moved for and received an extension of time in which to respond to the motion for summary judgment. Those defendants were given until the later of November 8, 1983, or ten (10) days after this Court's ruling on the motion for reconsideration. The motion for reconsideration was filed by defendants Quinones, McGhee and Clossen on October 11, 1983. Those three defendants did not seek an extension of time in which to comply with this Court's order of September 28th. Because defendants Quinones, McGhee and Clossen's motion for reconsideration related only to the section 301(a) claims, and because those defendants did not obtain an extension of the time to respond to plaintiffs' motion for summary judgment, plaintiffs contend that they are entitled to a default judgment on plaintiffs' LMRDA § 501 claims.
Although the motion for an extension of time to respond to plaintiffs' motion for summary judgment was sought by defendants Division, International, Johnson, Ford, Sias, and Bowen only, it would have been reasonable for defendants Quinones, McGhee and Clossen to believe that they too were covered by the extension. It would also have been reasonable for those three defendants to conclude that they need not respond to the motion for summary judgment in a piece-meal fashion and, therefore, could wait until their motion for reconsideration was ruled upon. This Court has a wide degree of discretion in determining whether to impose sanctions for failure to comply with orders of this Court. This Court declines to exercise that discretion in favor of plaintiffs under these circumstances. Accordingly, plaintiffs' motion for default judgment be and is denied.

V. MOTION FOR A STATUS CALL:
Defendant Division has moved this Court to order a status call at which the remaining issues and the overall status of the proceedings can be assessed. This Court is of the opinion that such a conference would be extremely valuable in light of the recent election of new officers and the lifting of the trusteeship. Accordingly, defendant Division's motion is granted.
The parties are hereby ordered to meet with the Magistrate, at a date, time and place to be set by the Magistrate, for the purpose of identifying the remaining issues, organizing the future litigation of these remaining issues, and any other matters that would speed the resolution of this dispute. To facilitate said status call, the parties shall file with the Magistrate a brief memorandum outlining each party's view of the remaining issues, the remaining discovery, and the time frame in which this case can be disposed of. Said memorandum shall be filed within twenty-one (21) days of the date of this order. No extensions will be granted. In addition, because the outcome of said status call may have an impact on the scope of the claims on which plaintiffs are seeking summary judgment, defendants are granted until ten (10) days after the date of said status call to respond to plaintiffs' motion for summary judgment. Upon receipt of defendants' responses, the Magistrate shall again review plaintiffs' motion for summary judgment and make a recommendation to this Court on same.
*289 This Court is also of the opinion that this case has been reduced to a level where settlement is possible. Therefore, the parties are ordered to meet and confer with regard to the possibility of settling this dispute. The parties shall so meet and confer within twenty-one (21) days of the date of this order and shall report to the Magistrate the outcome of said settlement efforts at the status call.

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that defendants' motion for reconsideration of part of this Court's order of September 28, 1983, be and is granted.
IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' claims based upon section 301(a) of the LMRA, 29 U.S.C. § 185(a), be and is granted.
IT IS FURTHER ORDERED that plaintiffs' claims under section 301(a) of the LMRA be and are dismissed.
IT IS FURTHER ORDERED that plaintiffs' motion for sanctions against defendants be and is denied.
IT IS FURTHER ORDERED that plaintiffs' motion for a default judgment be and is denied.
IT IS FURTHER ORDERED that plaintiffs' motion to realign the Local as a plaintiff be and is granted.
IT IS FURTHER ORDERED that the Local be and is realigned as a plaintiff.
IT IS FURTHER ORDERED that defendants' motion for a status call be and is granted.
IT IS FURTHER ORDERED that the parties shall meet with the Magistrate, at a date, time, and place to be set by the Magistrate, for the purpose of identifying the remaining issues, organizing the future litigation of these remaining issues, and any other matters that would speed the resolution of this dispute. To facilitate said status call, the parties shall file with the Magistrate a brief memorandum outlining each party's view of the remaining issues, the remaining discovery, and the time frame in which this case can be disposed of. Said memorandum shall be filed within twenty-one (21) days of the date of this order. No extensions will be granted.
IT IS FURTHER ORDERED that defendants are granted until ten (10) days after the date of said status call to respond to plaintiffs' motion for summary judgment. Upon receipt of defendants' responses, the Magistrate shall again review plaintiffs' motion for summary judgment and make a recommendation to this Court on same.
IT IS FURTHER ORDERED that the parties to this dispute shall meet and confer within twenty-one (21) days of the date of this order with regard to settling this dispute. The parties shall report to the Magistrate the outcome of said settlement efforts at the status call.
NOTES
[1] In the September 28th order, this Court granted in part and denied in part defendants' motion to dismiss several of plaintiffs' claims. Plaintiffs' claims were based upon the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401 et seq., and the Labor Management Relations Act of 1947, as amended, (LMRA), 29 U.S.C. § 185.

In particular, this Court dismissed, for failure to state a claim upon which relief can be granted, all of plaintiffs' LMRDA claims which sought relief for wrongful removal from elected union office. As further support for the correctness of the dismissal of these claims, the parties' attention is directed to Sullivan v. Laborers' International Union of North America, 707 F.2d 347 (8th Cir.1983).
[2] The Magistrate was appointed by this Court to act as a Special Master, pursuant to Federal Rule of Civil Procedure 53, in the litigation of this cause.
[3] Indeed, in a memorandum filed with this Court on November 15, 1982, defendants stated: "Defendants herein concur that a union constitution is a `contract' as set out in Section 301 of the [LMRA]. As such, parties may bring suit under that section for alleged breaches of that contract." Memorandum In Support of Motion To Dismiss at 7.
[4] The constitution which governs the Local is entitled the "Uniform Local Union Constitution of the National Post Office Mail Handlers, Watchmen, Messengers and Group Leaders Division of the Laborers' International Union of North America, AFL-CIO."

It is to be distinguished from the Division, see note 5 infra, constitution which is entitled the "Constitution of the National Post Office Mail Handlers, Watchmen, Messengers and Group Leaders Division of the Laborers' International Union of North America, AFL-CIO."
[5] The National Post Office Mail Handlers' Union is a Division of the Laborers' International Union of North America, AFL-CIO. It is referred to as the "Division".

The Local Union No. 314 is affiliated with, and under the supervision of, the Division. Subsequent to the initiation of this lawsuit, Local 314 was "deamalgamated" into four (4) separate Locals. This latter fact is not of any major significance to this suit, because all four of the new Locals have been joined as parties.
For further explanation of the parties to this suit, see this Court's order of September 28, 1983.
[6] Defendants expressly rely on Alexander to support their Motion for Reconsideration. Alexander does not, however, support their argument that individual union members cannot sue under section 301(a) for breach of a union constitution, because Alexander ruled to the contrary. Alexander did require that the significant impact test be satisfied, but this Court is convinced that plaintiffs' allegations are sufficient to withstand a motion to dismiss if defendants' argument is that that requirement is not satisfied here. The removal of union officers in violation of the Local Constitution arguably goes to the heart of external labor-management relations, because union officers are the representatives of labor in its relations with management. This type of dispute can hardly be characterized as strictly intra-union.

This Court, therefore, views the issue in the case at bar as being limited to the question of whether, after Journeymen, an individual union member can sue under section 301(a) for breach of a union constitution at all.
[7] While there is some conflict of interest in allowing Weinhaus to defend the individual plaintiffs against defendants' counterclaims and to represent the Local at the same time, this conflict is not significant enough to warrant disqualifying Weinhaus. The Local is entitled to choose its own counsel. This conflict of interest is no less than that which existed when the Local was a defendant, and arguably represented by defendants' counsel, and the individual defendants were charged with breaching their fiduciary duties to the Local.